IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>WESTFIELD INSURANCE COMPANY,<br><br>Defendant. | Case No.: _____<br><br>Removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida,<br>Case No.: 2017-019416-CA-01 |

## NOTICE OF REMOVAL

Defendant Westfield Insurance Company ("Westfield"), through its undersigned counsel and pursuant to 28 U.S.C. § 1441, hereby removes the above-captioned civil action from the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. Westfield reserves all defenses and rights available to it, including but not limited to, the right to contest service of process, personal jurisdiction and to assert all applicable defenses. In support of its Notice of Removal, and for purposes of removal only, Westfield states as follows:

### Complaint and Service

1. On or about August 9, 2017, Plaintiff MSP Recovery Claims, Series LLC ("MSP") filed a Summons and Complaint against Westfield in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida under case number 2017-019416-CA-01. A copy of the Summons and Complaint is attached hereto as Exhibit A.

2. Westfield received a Notice of Service of Process, with the Summons and Complaint attached thereto, by electronic delivery from the Chief Financial Officer for the State

of Florida on September 22, 2017. A copy of the Notice of Service of Process is attached hereto as Exhibit B.

3. The Summons, Complaint, and Notice of Service of Process represent all process, pleadings, and orders served upon Westfield in this case.

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, as set forth below.

## Basis for Jurisdiction

5. The Complaint alleges that MSP is the assignee of reimbursement rights belonging to certain unnamed Medicare Advantage Organizations ("MAOs"). (Compl. ¶¶ 2, 40-41, 43). According to the Complaint, Westfield was a primary payer obligated to pay for medical services for unidentified individuals on whose behalf the MAOs allegedly paid Medicare benefits. (Id. ¶¶ 1, 44, 48-49, 53-54).

6. The Complaint alleges a single cause of action against Westfield pursuant to 42 U.S.C. § 1395y(b)(3)(A) of the Medicare Secondary Payment Act. (Id. ¶¶ 51-61).

7. According to the Complaint, MSP "asserts a private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) on behalf of themselves and all similarly-situated MAOs" to recover double damages "due to 1) Defendant's failure to provide primary payment for medical expenses incurred by Medicare beneficiaries; and 2) Defendant's failure to appropriately reimburse Plaintiff or Class Members who instead paid for such medical expenses." (Id. ¶¶ 51, 61).

8. Because the Complaint asserts a cause of action arising under the laws of the United States, it is within this Court's original federal question jurisdiction.

9. This and other courts have recognized that a cause of action brought under 42 U.S.C. § 1395y(b)(3)(A) invokes federal question jurisdiction. *See, e.g., MSP Recovery, LLC v. Progressive Select Ins. Co.*, 96 F. Supp. 3d 1356, 1358 (S.D. Fla. 2015); *Sullivan v. Farm*

*Bureau Mut. Ins. Co. of Michigan*, 2011 WL 1231264, at *2 (W.D. Mich. Apr. 1, 2011); *Brown v. United States Steel Corp.*, 2010 WL 4388075, at *1 (W.D. Pa. Oct. 29, 2010), *aff'd*, 62 F. App'x 152 (3d Cir. 2011).

### Jurisdiction, Venue, and Removal Procedure

10. Subject matter jurisdiction exists under 28 U.S.C. § 1331 because MSP asserts a cause of action arising under the laws of the United States.

11. Copies of the Complaint and all process, pleadings, orders and documents filed in the state court action are attached hereto pursuant to 28 U.S.C. § 1446(a).

12. This removal of this action is timely filed under 28 U.S.C. § 1446(b), because Westfield filed this Notice of Removal within thirty (30) days of service of the Summons and Complaint upon Westfield.

13. The Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida lies within the Southern District of Florida. Accordingly, removal to this district is proper because this Court presides over the county in which the present action is pending. *See* 28 U.S.C. §§ 1441(a), 1446(a).

14. This Notice of Removal is being delivered to MSP through its counsel of record. A copy of this Notice of Removal will be filed promptly with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as required by 28 U.S.C. § 1446(d).

15. The removal of this action terminates all proceedings in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida. *See* 28 U.S.C. § 1446(d).

16. Westfield respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that this Court grant Westfield such other relief to which it is justly entitled.

WHEREFORE, Westfield respectfully gives notice that the above-entitled action is removed from the Eleventh Judicial Circuit for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida.

>Respectfully Submitted,
>
>**FOX ROTHSCHILD LLP**
>
>By: *W Mason*
>W Mason, Esq. (Florida Bar No. 66229)
>222 Lakeview Avenue, Suite 700
>West Palm Beach, FL 33401
>Tel: (561) 835-9600
>Fax: (561) 835-9602
>wmason@foxrothschild.com
>
>John J. Haggerty, Esq. (PA ID #66932)
>James C. Clark, Esq. (PA ID #310900)
>Jeremy R. Lacks, Esq. (PA ID# 323187)
>(*pro hac vice* applications forthcoming)
>2700 Kelly Road, Suite 300
>Warrington, PA 18976
>Tel: (215) 345-7500
>Fax: (215) 345-7507
>jhaggerty@foxrothschild.com
>jclark@foxrothschild.com
>jlacks@foxrothschild.com
>
>*Attorneys for Defendant,*
>*Westfield Insurance Company*

Dated: October 23, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 23, 2017, the foregoing was sent via email to the following:

John H. Ruiz, Esq.
Frank C. Quesada, Esq.
serve@msprecovery.com
MSP RECOVERY LAW FIRM
5000 SW 75th Avenue, Suite 400
Miami, FL 33155
*Attorney for Plaintiff MSP Recovery Claims, Series LLC*

*W Mason*
W Mason